914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara WELTER, Lynn Collins, Robert Premo, Tim McDonald,
Nancy Foley, Holli Ringgenberg, and Tobe Halen,
Plaintiffs-Appellees,
v.
MOLLY MAID, INC., et al., Defendants-Appellants.
 No. 90-3222.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges; and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants-appellants, Molly Maid, Inc., and its corporate officers Frank Flack, David McKinnon, and James Mackenzie (appellants), bring this interlocutory appeal from an order of the district court certifying a class of plaintiffs in this action presenting federal and state law fraud claims. The named plaintiffs-appellees are franchisees of Molly Maid, Inc., a corporation engaged in the provision of residential home cleaning services.
 
 
 2
 On February 9, 1990, the district court granted appellees' motion to certify a class of plaintiffs consisting of all Molly Maid franchisees, expressly excepting from such class "the claims of plaintiffs which by agreement are subject to arbitration." Appellants have appealed from this order of class certification, alleging that it "effectively" denies appellants' right to have the claims of certain franchisees submitted to arbitration. As a jurisdictional basis for this appeal, appellants rely upon 9 U.S.C. Sec. 15, a provision of the Federal Arbitration Act that provides, in relevant part, that appeals as of right may be taken from interlocutory district court orders "refusing a stay of any [arbitrable] action" or "denying an application ... to compel arbitration." 9 U.S.C. Sec. 15(a)(1)(A) and (C).
 
 
 3
 The district court's order of class certification cannot, under any reasonable interpretation, be labelled either a "refusal" to stay the litigation pending arbitration of arbitrable claims or a "denial of an application to compel arbitration." The order of class certification was, rather, a means by which the district court could define the class of plaintiffs, reserving for a later time the identification of those plaintiffs whose claims are subject to arbitration. The district court has done nothing to violate the policies inherent in the Arbitration Act, see Moses Cone Memorial Hospital v. Mercury Construction, 460 U.S. 1 (1983), and, therefore, has issued no order giving rise to a right of appeal under 9 U.S.C. Sec. 15.
 
 
 4
 Accordingly, this appeal is DISMISSED for lack of appellate jurisdiction, and the matter is REMANDED to the district court for further proceedings.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation